UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRUCE EDWARD MCCRAY, JR.,

    Petitioner,

v.                                     Case No.:  2:22-cv-220-SPC-NPM

ASHLEY MOODY,

    Respondent.

_____/

## **OPINION AND ORDER**[1]

Before the Court is Petitioner Bruce Edward McCray, Jr.'s Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (Doc. 1).  McCray filed the Petition while being held in the Florida Civil Commitment Center awaiting trial under Florida's Jimmy Ryce Act to determine whether he is a sexually violent predator subject to involuntary civil commitment.  He challenges his ongoing civil commitment action in the Fourth Judicial Circuit in and for Duval County, Florida (Case No. 16-2019-CA-7384), claiming violations of his due process and speedy trial rights.  The state court docket reflects McCray's civil commitment case remains pending.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Principles of equity, comity, and federalism require the Court to abstain from interfering in state proceedings. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings). Under *Younger*, "federal courts ordinarily must refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state proceeding." *Newsom v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 816 (11th Cir. 2008).

McCray's Petition makes it clear that this Court must abstain under *Younger*. Were the Court to grant McCray the relief he requests, the ongoing state civil commitment action would be impermissibly disrupted. *See id.* The state action implicates Florida's important state interest "to ensure that violent sex offenders do not harm its citizens after the expiration of their incarcerative sentences." *Id.* And McCray has had (and continues to have) adequate opportunities to raise constitutional claims in state court. In fact, McCray has availed himself of those opportunities by filing petitions in state appellate courts, at least one of which remains pending—First District Court of Appeal of Florida Case No. 1D22-150. "The fact that [McCray's] claims were unsuccessful on the merits is immaterial." *Id.*

McCray provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. See [Hughes v. Attorney Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004)](#).[2] McCray has not yet been declared a sexually violent predator subject to involuntary civil commitment. If he is found to be a sexually violent predator, the state court will enter judgment, and McCray will have an opportunity to exhaust his constitutional claims in state court. Alternatively, if the civil commitment action ends in McCray's favor, the claims raised in his Petition will be moot.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because McCray is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A detainee seeking a writ of habeas corpus has no absolute entitlement

---

[2] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

3

to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, McCray must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El,* 537 U.S. at 335-36. McCray has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Bruce Edward McCray, Jr.'s Petition for a Writ of Habeas Forpus Under 28 U.S.C. § 2241 (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment for Respondent and against Petitioner, and close this file.

3. McCray is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on June 7, 2022.

*[signature: Sheri Polster Chappell]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:     FTMP-1
Copies:   All Parties of Record